STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.org

CASE No. 2016 L 000233

DATE: February 18, 2016

REEVES EUGENE INDEP ADMIN OF THE EST OF LAVEEDA REEVES DECEA

PLAINTIFF

VS.

CHRISTOPHER TRYON

DEFENDANT

DEFENDANT: CHRISTOPHER TRYON

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this February 18, 2016.

(SEAL)

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

BY: _____
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
LANNY H. DARR
DARR FIRM
307 HENRY ST STE 406
P O BOX 940
ALTON, IL 62002

Date of Service: _March 1_, 20_16_.
(To be inserted by officer on the copy left with the defendant or other person)

1 of 2

The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.

CASE No. 2016 L 000233

STATE OF ILLINOIS }
MADISON COUNTY } ss.

I, _David Corder Speakman_, Sheriff _St Louis County_ of said county, have duly served the within summons on the defendant _Christopher Tryon_ by leaving a copy thereof with said defendant personally, on the _1st_ day of _March_, 20_16_.

===============================================================

I have duly served the said summons on the defendant, _____
on the _____ day of _____, 20_____, by leaving a copy of said summons on said date at his/her usual place of abode with _____ _____, a person of the family of said _____ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the _____ day of _____, 20_____, in a sealed envelope, with postage fully prepaid, addressed to said defendant _____, at his/her usual place of abode, as stated hereinabove in my return.

Dated this _3_ day of _March_, 20 _16_.

_Deulla Speakman 35 Ill. 129 320 998_    Sheriff

===============================================================

Sheriff's Fees

Service.................$_____

Making Copies..........$_____

Miles Traveled..$_____

Cost of mailing copies $_____

Return..................$_____

Total...................$_____

REEVES EUGENE INDEP ADMIN OF THE EST OF LAVEEDA REEVES DECEA

PLAINTIFF

VS.

CHRISTOPHER TRYON

DEFENDANT

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.org

CASE No. 2016 L 000233

DATE: February 18, 2016

REEVES EUGENE INDEP ADMIN OF THE EST OF LAVEEDA REEVES DECEA

PLAINTIFF

VS.

BYRNE & JONES ENTERPRISES INC A MISSOURI CORPORATION

DEFENDANT

DEFENDANT: BYRNE & JONES ENTERPRISES INC A MISSOURI CORPORATION

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this February 18, 2016.

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

(SEAL)

BY: _____
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
LANNY H. DARR
DARR FIRM
307 HENRY ST STE 406
P O BOX 940
ALTON, IL 62002

Date of Service: _____, 20___.
(To be inserted by officer on the copy left with the defendant or other person)

1 of 2

The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.

CASE No. 2016 L 000233

STATE OF ILLINOIS }
MADISON COUNTY } ss.

I, _DAVID Conker Spew Phew_ ST Louis County, Sheriff of said county, have duly served the within summons on the defendant _Byrne Jones_ by leaving a copy thereof with said defendant personally, on the _1ST_ day of _March_, 20_16_. Tim Heyemon 13940 ST Charles Rock Rd Bridgeton 63044

I have duly served the said summons on the defendant, _Byrne & Jones Tim Heyemon_ on the _____ day of _____, 20_____, by leaving a copy of said summons on said date at his/her usual place of abode with _____ _____, a person of the family of said _____ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the _____ day of _____, 20_____, in a sealed envelope, with postage fully prepaid, addressed to said defendant _____, at his/her usual place of abode, as stated hereinabove in my return.

Dated this _3_ day of _March_, 20_16_.

_Deuller Spew Phew 315 ILL. 129320 918_  Sheriff

Sheriff's Fees

Service.................$_____

Making Copies..........$_____

Miles Traveled..$_____

Cost of mailing copies $_____

Return.................$_____

Total..................$_____

REEVES EUGENE INDEP ADMIN OF THE EST OF LAVEEDA REEVES DECEA

PLAINTIFF

VS.

CHRISTOPHER TRYON

DEFENDANT

2 of 2

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
COUNTY OF MADISON

EUGENE REEVES, Independent )
Administrator of the Estate of LAVEEDA )
REEVES, Deceased, )
)
Plaintiff, )
)
vs. ) No. 16-L-233
)
CHRISTOPHER TRYON, BYRNE & )
JONES ENTERPRISES, INC., a Missouri )
Corporation, and LAWRENCE REEVES, )
)
Defendants. )

FILED
FEB 18 2016
CLERK OF CIRCUIT COURT #11
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## COMPLAINT

Comes now the plaintiff, EUGENE REEVES, Independent Administrator of the Estate of Laveeda Reeves, deceased, by and through his attorneys, Darr Law Offices, Ltd. and The Lintz Law Firm, LLC, and complaining of the defendants, states as follows:

### COUNT I

### Wrongful Death – Christopher L. Tryon

1. Plaintiff, Eugene Reeves, is a citizen of the State of Illinois and the son of Laveeda Reeves, deceased. Laveeda was a resident and citizen of the State of Illinois at the time of her death. Eugene Reeves is also the duly appointed Independent Administrator of the Estate of Laveeda Reeves. (See Greene County, Illinois cause number 16-P-5).

2. Upon information and belief, defendant, Christopher L. Tryon was a citizen and resident of the State of Missouri at the time of the events described herein. At all times herein mentioned, Tryon was acting within the scope of his employment with

Byrne & Jones Enterprises, Inc. In accordance with FMCSR Tryon, a CDL holder, was required to have special knowledge regarding the operation of a tractor trailer.

3. Upon information and belief, Byrne & Jones Enterprises, Inc. is a Missouri Corporation that regularly and customarily conducts business in Madison County, Illinois. In fact, Byrne & Jones has been licensed to conduct its usual and customary business in Illinois since September 17, 1993.

4. Lawrence Reeves is a resident and citizen of the State of Illinois.

5. Plaintiff brings this action (Count I) in accordance with the Illinois Wrongful Death Act (740 ILCS 180/0.01).

6. That Laveeda Reeves is survived by the following next of kin:

   a. Lawrence Reeves (Husband). Due to his status as a joint tortfeasor he is not entitled to recover for this lawsuit.
   b. Ronald Reeves (Son)
   c. Bobby Reeves (Son)
   d. Kevin Reeves (Son)

All of the aforementioned are adults, residing in Illinois, and having obtained the age of majority.

7. On or about November 14, 2015, at approximately 1:30 p.m., Laveeda Reeves was a passenger in a 2011 Chrysler 300, driven by her husband, Lawrence Reeves, at or near the westbound ramp of Interstate Highway 70 exiting onto Missouri Highway 141, all in St. Louis County and State of Missouri.

8. On the same date and time, Christopher L. Tryon was driving a 2008

Kenworth tractor with flatbed trailer heavily loaded with construction equipment in a northerly direction on Missouri 141 in the County of St. Louis and State of Missouri. At all times relevant, Tyron was subject to various Missouri statutes pertaining to motor carrier safety as well as regulations promulgated by the United States Department of Transportation.

9. That at the aforesaid time and place defendant, Tryon, drove his tractor and trailer into the passenger side of Chrysler 300 driven by Lawrence Reeves as the vehicle sat more/less perpendicular to northerly direction of Tyron's travel.

10. That at that time and place Laveeda Reeves suffered serious grave and incurable bodily injury. She was pronounced dead after being transported to Mercy Hospital.

11. That at all times herein mentioned, under Missouri law, the defendant, Tryon, had a duty to exercise the highest degree of care when operating his commercial motor vehicle on the public roadways.

11. That defendant, Tryon, breached the aforementioned duty by way of one of the following acts/omissions:

    (a) negligently and recklessly failed to apply the brakes to his vehicle in a timely manner so as to avoid colliding with the Reeves vehicle; and/or

    (b) failed to "steer high" and thereby look down the road for twenty (20) seconds or so for problematic motorists, which is what a well qualified and trained commercial motor driver would do under the circumstances; and/or

    (c) drove while distracted; and/or

    (d) failed to take evasive action at the earliest possible opportunity; and/or

    (e) operated a vehicle that was not in compliance with FMCSA regulations and therefore should not have been driven on a public roadway; and/or

(f) operated the vehicle at a speed greater than was reasonable and proper, having no regard for the other traffic on the highway, the surface and width of the highway, as well as other conditions then existing; and/or

(g) operated a commercial vehicle with inadequate, nonfunctional and improper brakes, so that the heavy tractor and trailer could not be brought to stop within a proper distance; and/or

(h) violated 49 CFR 392.2; and/or

(i) failed to perform appropriate pre-trip inspections;

(j) engaged in other acts of negligence and violations of law to be disclosed through discovery and proven at trial.

12. That as a direct and proximate result of the negligence of Tryon the estate of Laveeda Reeves and her surviving next of kin have sustained economic and non-economic loss, burial expenses, grief, and loss of her society and companionship.

WHEREFORE, Plaintiff, EUGENE REEVES, independent administrator of the estate of Laveeda Reeves, deceased, prays this Court enter judgment in his favor and against the Defendant, CHRISTOPHER L. TRYON, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT II

### Survival Action – Christopher Tryon

1-12. Plaintiff repeats and realleges Paragraphs 1 through 12 of Count I, as and for Paragraphs 1 through 12 of Count II as if more fully set out herein.

13. That as a direct and proximate result of the negligence of Tryon, Laveeda Reeves sustained grave and incurable bodily injury prior to succumbing to her death. She experienced excruciating pain, suffering, and emotional distress and was

fearful for her life. She incurred medical, ambulance and hospital bills, which is property recovered by her estate in accordance with 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, RONALD REEVES, independent administrator of the Estate of Laveeda Reeves, deceased, prays this Court enter judgment in his favor and against the Defendant, CHRISTOPHER L. TRYON, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT III

### Wrongful Death – Byrne & Jones
### (Vicarious)

1-12. Plaintiff repeats and realleges Paragraphs 1 through 12 of Count I, as and for Paragraphs 1 through 12 of Count III as if more fully set out herein.

13. That at all times mentioned herein Christopher L. Tryon was acting in the course and scope of his employment with Byrne & Jones Enterprises, Inc., a Missouri Corporation.

WHEREFORE, Plaintiff, EUGENE REEVES, Independent Administrator of the Estate of Laveeda Reeves, deceased, prays this court enter judgment in his favor and against the Defendant, BYRNE & JONES ENTERPRISES, INC., a Missouri corporation, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT IV

### Survival Action – Byrne & Jones
### (Vicarious)

1-12. Plaintiff repeats and realleges Paragraphs 1 through 12 of Count II, as and for Paragraphs 1 through 12 of Count IV as if more fully set out herein.

13. That at all times mentioned herein Christopher L. Tryon was acting in the course and scope of his employment with Byrne & Jones Enterprises, Inc., a Missouri Corporation.

WHEREFORE, Plaintiff, EUGENE REEVES, Independent Administrator of the Estate of Laveeda Reeves, deceased, prays this court enter judgment in his favor and against the Defendant, BYRNE & JONES ENTERPRISES, INC., a Missouri corporation, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT V

### Byrne & Jones
### (Direct Negligence)

1-7. Plaintiff repeats and realleges Paragraphs 1 through 7 of Count I, as and for Paragraphs 1 through 7 of Count V as if more fully set out herein.

8. There are certain Federal Safety Regulations found at 49 USC § 301-399 and they are commonly referred to as "Federal Motor Carrier Safety Regulations" ("FMCSR") and are directly applicable to the case.

9. Byrne & Jones and its employees were subject to these aforementioned safety regulations at the time of the wreck, and prior thereto, pursuant to 49 CFR 390.3(e).

10. Upon information and belief, defendant, Byrne submitted form MCS-150 to Federal Motor Carrier Administration to obtain a USDOT number and thereby obtain the privilege to operate the large vehicle on the public roadways, including crossing state

lines into Illinois.

11. In addition to the foregoing, Byrne submitted form OP-1 to Federal Motor Carrier Safety Administration wherein it certified the company vehicle was subject to all pertinent portions of FMCSR. As part of the "safety certification" in form OP-1 Byrne certified to the FMCSA that it had access to, and was familiar with, all applicable U.S. DOT regulations relating to the safe operation of commercial vehicles and that it would comply with these regulations.

12. Defendant Byrne specifically certified to FMCSA that, at a minimum, it would:

- a) maintain a system and an individual ensuring overall compliance with FMCR's; and/or
- b) maintain a driver safety training/orientation program; and/or
- c) was familiar with DOT regulations governing driver qualification and had in place a system for overseeing driver qualifications; and/or
- d) had in place policies and procedures consistent with US DOT regulations governing driving and operational safety of motor vehicles, including:
    1. vehicle inspection; and
    2. vehicle repair; and
    3. vehicle maintenance; and

13. An inspection of the Byrne tractor and trailer after the accident revealed numerous deficiencies with the tractor and trailer, in violation of the FMCSA. These included missing brake pads, absent friction material and deficient axel and air suspension.

14. That at all times mentioned herein Byrne & Jones Enterprises, Inc., a Missouri Corporation, had a duty to use the highest degree of care and caution in the operation of its commercial business and dispatch of its motor vehicles.

15. That Byrne & Jones breached its duty by way of one or more acts omissions:

  a. failed to have a vehicle inspection program; and/or

  b. failed to have its vehicles repaired and serviced in a timely manner; and/or

  c. failed to have a proper maintenance program for its vehicle; and/or

  d. failed to properly train its drivers; and/or

  e. failed to have an adequate safety program.

16. That as a direct and proximate result of the negligence of Byrnes & Jones, the estate of Laveeda Reeves and her surviving next of kin have sustained economic and non-economic loss, burial expenses, grief and loss of her society and companionship, all of which are recoverable under 740 ILCS 180/0.01, et. seq.

WHEREFORE, Plaintiff, EUGENE REEVES, Independent Administrator of the Estate of Laveeda Reeves, deceased, prays this court enter judgment in his favor and against the Defendant, BYRNE & JONES ENTERPRISES, INC., a Missouri corporation, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT VI

### Survival Action – Byrne & Jones
### (Direct Negligent Actions)

1– 15. Plaintiff repeats and realleges Paragraphs 1 through 15 of Count V as and for Paragraphs 1 through 15 of Count VI, as if more fully set out herein.

16. That as a direct and proximate result of the negligence of Byrne & Jones, Laveeda Reeves sustained grave and incurable bodily injury prior to succumbing to her death. She experienced excruciating pain, suffering, and emotional distress and was

fearful for her life. She incurred medical, ambulance and hospital bills, which is property recovered by her estate in accordance with 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, EUGENE REEVES, independent administrator of the estate of Laveeda Reeves, deceased, prays this Court enter judgment in his favor and against the defendant, BYRNES & JONES ENTERPRISES, INC., a Missouri corporation, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT VII

### Wrongful Death – Lawrence Reeves

1– 9. Plaintiff repeats and realleges Paragraphs 1 through 9 of Count I as and for Paragraphs 1 through 9 of Count VII, as if more fully set out herein.

10. That at all times mentioned herein, defendant, Lawrence Reeves, owed a duty to others using the public roadways of the State of Missouri, to operate his car with the highest degree of care and caution.

11. That the defendant breached his duty to use the highest degree of care and caution and was then and there guilty of one or more of the following negligent acts or omissions:

> a) failed to operate his car in a single lane of travel; and/or
>
> b) stopped his car on a state highway in a nonemergency situation; and/or
>
> c) drove his vehicle in the wrong direction on the state highway; and/or
>
> d) operated his vehicle in a wrong direction of travel; and/or
>
> e) failed to take evasive action.

12. That as a direct and proximate result of one or more of the negligent acts or omissions of the defendant, Lawrence Reeves, plaintiff's decedent was gravely injured and subsequently died when the vehicle in which she was a passenger was struck in the passenger side by the tractor trailer operated by Tryon.

13. That as a direct and proximate result of the negligence of Lawrence Reeves the estate of Laveeda Reeves has sustained economic and noneconomic loss, including burial expense, the surviving heirs have experienced grief and the loss of her love, society, guidance and companionship, which is recoverable under 740 ILCS 180/0.01 et. seq.

WHEREFORE, Plaintiff, EUGENE REEVES, independent administrator of the estate of Laveeda Reeves, deceased, prays this Court enter judgment in his favor and against the defendant, LAWRENCE REEVES, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT VIII

### Survival Action – Lawrence Reeves

1– 12. Plaintiff repeats and realleges Paragraphs 1 through 12 of Count VII as and for Paragraphs 1 through 12 of Count VIII, as if more fully set out herein.

13. That as a direct and proximate result of the negligence of Lawrence Reeves, Laveeda Reeves sustained grave and incurable bodily injury prior to succumbing to her death. She experienced excruciating pain, suffering, and emotional distress and was fearful for her life. She incurred medical, ambulance and hospital bills, which is property recovered by her estate in accordance with 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, EUGENE REEVES, independent administrator of the estate of Laveeda Reeves, deceased, prays this Court enter judgment in his favor and against the defendant, LAWRENCE REEVES, jointly and severally with all other defendants sued herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

Respectfully submitted,

THE LINTZ LAW FIRM LLC

BY: _____
Shawn K. Lintz, #6306455
Attorney for Plaintiff
2600 Edwards
Alton, IL 62002
(618) 465-8000
(618) 465-8010 FAX

and

DARR LAW OFFICES, LTD. (Lead Counsel)
Lanny Darr #06205283
Attorney for Plaintiff
307 Henry Street, Suite 406
P.O. Box 940
Alton, Illinois 62002
(618)208-6828
(618)433-8519 Fax
darr@darrfirm.com

Service by facsimile transmission or via email will be accepted at the stated facsimile and/or email stated above.