UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EUGENE REEVES, Independent
Administrator of the Estate of Laveeda Reeves,
Deceased,

    Plaintiff,

        v.

CHRISTOPHER TRYON, BYRNE & JONES
ENTERPRISES, INC. and LAWRENCE
REEVES,

    Defendants.

Case No. 16-cv-358-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to remand filed by plaintiff Eugene Reeves, independent administrator of the estate of Laveeda Reeves, who is deceased (Doc. 17). Defendants Christopher Tryon and Byrne & Jones Enterprises, Inc. ("Byrne & Jones") have responded to the motion (Doc. 24). The plaintiff has also filed a "Supplemental Filing in Support of Remand," which the Court construes as a reply brief (Doc. 27).

**I.    History of Case**

The plaintiff originally brought this case in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. The case arose out of a traffic accident that resulted in the death of Laveeda Reeves ("Laveeda"). The complaint alleges that on November 14, 2015, Laveeda was a passenger in a car driven by her husband, Lawrence Reeves ("Lawrence"), which was entering onto Missouri Highway 141 northbound from Interstate 70. At the same time, Tryon, an employee of Byrne & Jones, was driving a tractor-trailer loaded with construction equipment northbound on Missouri Highway 141. The complaint alleges Tryon drove his vehicle into the

passenger side of the Reeves' car while the car "sat more/less perpendicular" to the direction of Tryon's travel. It also alleges Lawrence had stopped his car on the highway when it was not an emergency, had driven his car in the wrong direction on the highway, and had failed to take evasive action to avoid the accident. The complaint acknowledges that Lawrence was a joint tortfeasor. The accident injured and eventually killed Laveeda.

Eugene Reeves, the son of Laveeda and administrator of her estate, filed this lawsuit in state court against Tryon, Byrne & Jones, and Lawrence asserting actions under the Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, and the Survival Statute, 755 ILCS 5/27-6, against all three defendants. Defendants Tryon and Byrne & Jones removed this case to federal court under 28 U.S.C. § 1441(a) based on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 1). They did this despite the fact that the plaintiff and Lawrence are both citizens of Illinois, so complete diversity did not exist as required by *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806). Tryon and Byrne & Jones asserted that the citizenship of Lawrence should be disregarded because he was fraudulently joined as a defendant in this case solely for the purpose of defeating federal jurisdiction. The plaintiff disagrees and now asks the Court to remand this case to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**II.     Analysis**

The doctrine of fraudulent joinder is based on the principle that a plaintiff cannot defeat a defendant's right to removal by naming or joining a nondiverse party against whom it has no chance of success. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The Court must ignore the citizenship of a fraudulently joined defendant when determining if it has diversity jurisdiction. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763;

*Gottlieb*, 990 F.2d at 327.  If complete diversity exists once the fraudulently joined party's citizenship has been disregarded, the Court may dismiss the fraudulently joined defendant and continue to exercise jurisdiction over the case.  *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763.  The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder.  *Schur*, 577 F.3d at 763.  Doubts about whether a defendant was fraudulently joined and whether removal was, as a consequence, proper must be resolved in favor of the plaintiff.  *Morris*, 718 F.3d at 668.  Fraudulent joinder must be proved by clear and convincing evidence.  5 James W. Moore *et al.*, *Moore's Federal Practice* § 102.21[5][a] (3d ed. 2002).

Fraudulent joinder can occur in two circumstances:  (1) when there is no possibility that a plaintiff can state a cause of action against a nondiverse defendant or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts.  *Gottlieb*, 990 F.2d at 327.  To establish fraudulent joinder under the first prong, a defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."  *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original); *accord Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 764.  If there is "any reasonable possibility," *Poulos*, 959 F.2d at 73, that the plaintiff could succeed against a defendant, the defendant will not be deemed fraudulently joined.  *Schur*, 577 F.3d at 764.  To establish fraudulent joinder under the second prong, a defendant can show the joinder was "without right and made in bad faith" because a defendant had "no real connection with the controversy." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).  The second theory of fraudulent joinder is not at play here because all parties agree that Lawrence is connected to this controversy.  Thus, whether he is fraudulently joined will depend on whether Tryon and Byrne & Jones can establish that the plaintiff has no reasonable chance of succeeding against him.

Tryon and Byrne & Jones argue that the plaintiff has no chance of success against Lawrence because the Reeves' auto insurance policy (covering both husband and wife as insureds) excludes coverage for the injury or death of an insured's spouse. Thus, the plaintiff's claim against Lawrence is actually a claim under the uninsured motorist provision of the policy, and that the claim is therefore subject to mandatory arbitration under the Illinois Insurance Code, 215 ILCS 5/143a(1).

The plaintiff argues that Lawrence was at least partially at fault in the accident and that the plaintiff is therefore not only properly joined in this lawsuit but is a necessary party. He also notes the insurance policy exclusion for injury to family members is not applicable to a contribution claim, which he apparently expects Tryon and Byrne & Jones to file against Lawrence. The plaintiff further argues that whether Lawrence has insurance that covers the accident is irrelevant to the plaintiff's right to pursue him as a joint tortfeasor and to have a jury adjudge fault and allocate liability.

Tryon and Byrne & Jones have failed to carry their burden of showing the plaintiff has no reasonable possibility of establishing a cause of action against Lawrence. To prevail on a claim under the Wrongful Death Act, "the plaintiff must show that: (1) defendant owed a duty to the deceased; (2) defendant breached that duty; (3) the breach of duty was the proximate cause of the deceased's death; and (4) monetary damages resulted to persons designated under the Act." *Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 292 (Ill. App. Ct. 2008). There is no requirement that a defendant have insurance that covers the tortfeasor's conduct.

In this case, if all issues of fact and law are resolved in the plaintiff's favor, he has a reasonable possibility of establishing a claim that Lawrence owed a duty to Laveeda as his passenger to use ordinary care while driving, that he breached that duty by, for example,

improperly stopping or traveling the wrong way on a roadway, that Lawrence's breach was a proximate cause of Laveeda's death, and that Laveeda's family (including Lawrence and her children) suffered monetary damages as a result of her death. Thus, Laveeda's estate may be able to establish a cause of action against Lawrence.

The fact that the plaintiff may also be able to make an uninsured motorist claim against the Reeves' insurer does not alter this conclusion with respect to the plaintiff's tort claim. Under 215 ILCS 5/143a(1) and the cases cited by Tryon and Byrne & Jones, it is only the dispute *with the insurance company* over uninsured motorist coverage that is compelled to arbitration, not tort claims against potential tortfeasors.[1]

Tryon and Byrne & Jones have not cited any binding or persuasive authority in support of their other arguments about why the plaintiff does not have a cause of action against Lawrence, including that Lawrence cannot be sued because he is a beneficiary of the estate, that Eugene Reeves cannot sue his own father because it would disrupt family harmony, or that the plaintiff's subjective motivation for suing Lawrence to defeat federal jurisdiction is sufficient to establish fraudulent joinder. Therefore, Tryon and Byrne & Jones have not carried their heavy burden of establishing that Reeves was fraudulently joined.

### III. Conclusion

For the foregoing reasons, the Court finds Lawrence was not fraudulently joined as a defendant in this case. Based on the plaintiff's and Lawrence's shared Illinois citizenship, complete diversity does not exist, and this case must be remanded. Accordingly, the Court:

- **GRANTS** the plaintiff's motion to remand (Doc. 17); and

---

[1] To the extent the requirement to include an arbitration clause applicable to uninsured motorist claims against an insurance company creates a legal question about what kinds of claims are compelled to arbitration, that question must be resolved in favor of the plaintiff at this time to *not* include tort claims.

- **REMANDS** this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   July 18, 2016**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**